THE PEOPLE, PLAINTIFF AND APPELLEE, v. TORRES ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in a Prosecution for Violation of Section 362 of the Penal Code.

No. 950.—Decided January 25, 1916.

UNLAWFUL ASSEMBLY—COCK-FIGHT—CRUELTY TO ANIMALS.—A cock-fight is an unlawful act as it is prohibited and penalized by section 5 of the Act for the prevention of cruelty to animals; therefore an assembly of several persons to pit cock-fights and their separation later without doing so bring them within the provisions of section 362 of the Penal Code.

The facts are stated in the opinion.
*Mr. Pedro Gómez Lasserre* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Angel B. Torres and others from a judgment rendered on appeal and after a trial *de novo* in the District Court of Guayama on June 11, 1915, convicting the nine defendants of the violation of section 362 of the Penal Code and sentencing each of them to pay a fine of five dollars and one-ninth of the costs, or, in default of payment of the fine, to be imprisoned in jail one day for each dollar not paid.

The complaint charges that on December 1, 1914, the defendants wilfully, unlawfully and maliciously assembled in the ward of Boca Velázquez of Santa Isabel of the municipal judicial district of Salinas which forms a part of the judicial district of Guayama, with the deliberate intention of pitting cock-fights, which is an unlawful act, and later separated without committing the same.

The transcript of the record contains only copies of the complaint, of the judgment and of the notice of appeal and lacks a statement of the case and bill of exceptions. The attorney for the appellants, however, contended, both orally and in his brief, that the facts set up in the complaint do not constitute any crime and only disclose an intention to procure the punishment of the accused in an indirect way by forcing the language of section 362 of the Penal Code in order to make it applicable to acts which are not punishable under section 5 of the Act to prevent cruelty to animals, approved March 10, 1904, as construed by this court in the case of *The People* v. *Ramírez,* 18 P. R. R. 266.

The acts set out in the complaint are plainly provided for and penalized by sections 362 and 363 of the Penal Code which read as follows:

"Sec. 362.—Whenever two or more persons assemble together to do an unlawful act, and separate without doing or advancing toward

it, or do a lawful act in a violent, boisterous, or tumultuous manner, such assembly is an unlawful assembly.

"Sec. 363.—Every person who participates in any rout or unlawful assembly is guilty of a misdemeanor."

A cock-fight is an unlawful act as it is prohibited and penalized by section 5 of the Act for the prevention of cruelty to animals; therefore an assembly of several persons to pit cock-fights and their separation later without doing so bring them within the provisions of section 362 of the Penal Code, *supra.*

It is not stated in the complaint that all or any of the defendants were present merely as spectators of the cock-fights, therefore our decision in the case of *The People* v. *Ramírez* is not applicable to the present case.

If the defendants had proved at the trial that they were present only as spectators, they would be favored by the said decision, but on account of the lack of a statement of the case we do not know whether they introduced evidence as to that; hence we must conclude that they assembled for the purpose of pitting cock-fights, as alleged in the complaint and found in the judgment, and not merely as spectators of the same.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.